## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

MONTWAY LLC d/b/a MONTWAY
AUTO TRANSPORT,

          Plaintiff,

   v.                                  C.A. No.

NEXUS AT LLC d/b/a NEXUS AUTO    **JURY TRIAL DEMANDED**
TRANSPORT,

          Defendant.

### COMPLAINT

Plaintiff Montway LLC d/b/a Montway Auto Transport (hereinafter, "Montway"), for its Complaint against Defendant Nexus AT LLC d/b/a Nexus Auto Transport (hereinafter, "Nexus"), allege as follows. The allegations herein are made based on personal knowledge as to Montway with respect to its own actions, and upon information and belief as to all other matters:

### NATURE OF ACTION

1.    For the past eight months Montway has been the victim of a smear campaign spearheaded by business rival Nexus. With the help of an online marketing specialist, Nexus has created thousands of websites that host "toxic backlinks" to Montway's website, Montway.com. These toxic backlinks are hosted on websites that entice people looking for unsavory and often unlawful goods and services. For example, someone looking to purchase steroids may come across one of these websites and click on a link that says, "buy steroids online," only to be redirected to Montway's website for car-shipping services. These misleading links not only confuse consumers about Montway's relationship with the services advertised on Nexus's scam websites, but they also damage Montway's ranking on Google's search algorithm. The upshot is that Montway loses

valuable customer goodwill, receives a tarnished brand image, and misses out on crucial website traffic from people interested in Montway's car-shipping services.

2.      Nexus's unlawful behavior was revealed to Montway by a high-ranking former Nexus employee with firsthand knowledge of Nexus's conduct. This former employee observed multiple instances in which Nexus's CEO instructed an independent contractor to post the toxic backlinks. After leaving Nexus, the former employee divulged that Nexus's CEO had concocted the toxic-backlink campaign with the intent of harming Montway and its brand so that Nexus could get a leg up on its competition.

3.      Montway asked Nexus to stop this toxic back linking campaign orally and in writing, but Nexus ignored those requests.  Montway now brings this action to stop Nexus' egregious violations of the Lanham Act (15 U.S.C. § 1051 et seq.) and state laws regarding unfair competition.

## PARTIES

4.      Montway LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business in Schaumburg, Illinois.

5.      Nexus AT LLC is a limited liability company organized and existing under the laws of the State of Illinois, having its principal place of business in Schaumburg, Illinois.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and the Lanham Act (15 U.S.C. § 1051 et seq.). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the federal and state law claims derive from a common nucleus of operative facts.

7.     Venue is proper in this Court under 28 U.S.C. § 1391 because Nexus has its principal place of business in Schaumburg and, upon information and belief, its member(s) reside(s) within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

### Montway's Business and Trademark Rights

8.     Starting in a modest home office in the early 2000s, Montway is a highly rated automobile-transport company that has brokered the shipment of over a million vehicles (including high-profile specialized transfers like Batmobile replicas, Tom Cruise's Toyota Land Cruiser, and the dog van from the movie Dumb and Dumber). Since its inception in 2006, Montway has worked hard and invested substantially to become one of the top automotive transportation brokers in the United States.

9.     Montway protects its brand through a portfolio of trademarks consisting of the common law and federally registered rights to the trademarks "MONTWAY" and "MONTWAY AUTO TRANSPORT" (together, the "Montway Marks"). This ensures that customers identify Montway as the origin of its automobile transport services and that Montway can capitalize on its customer goodwill. Montway owns U.S. Reg. No. 5,637,776, which is a standard character, service mark registration for use of the "MONTWAY" mark in connection with "[s]hipping and delivery services, namely, transport brokerage, pickup, transportation, and delivery of automobiles." The "MONTWAY" registration was granted on December 25, 2018, and achieved incontestable status on April 10, 2025, Montway has used the "MONTWAY" mark since the company's inception. The "MONTWAY" mark has been in continuous use since at least July 2007. Based on that use, the "MONTWAY" mark has acquired consumer recognition, positive reputation, and extensive goodwill with consumers. Currently, Montway uses the "MONTWAY" mark in several capacities,

including in its domain name: "Montway.com." A true an accurate copy of U.S. Reg. No. 5,637,776 is attached hereto as Exhibit 3.

10.     Montway also owns U.S. Reg. No. 4,138,319, which is a standard character, service mark registration for use of the "MONTWAY AUTO TRANSPORT" mark in connection with "[s]hipping and delivery services, namely, transport brokerage, pickup, transportation, and delivery of automobiles." The "MONTWAY AUTO TRANSPORT" registration was granted on May 8, 2012, and achieved incontestable status in July 2017, Montway has used the "MONTWAY AUTO TRANSPORT" mark since the company's inception. The "MONTWAY AUTO TRANSPORT" mark has been in continuous use since at least July 2007. Based on that use, the "MONTWAY AUTO TRANSPORT" mark has acquired consumer recognition, positive reputation, and extensive goodwill with consumers. A true an accurate copy of U.S. Reg. No. 4,138,319 is attached hereto as Exhibit 4

11.     Over the years, Montway has created invaluable partnerships and relationships which have allowed Montway to grow and maintain its customer base. Montway's dedication to the automotive shipping industry and substantial brand investment are evident in its reputation— Montway has an average review rating of 4.7 stars, and an A+ rating by the Better Business Bureau. This reputation enabled Montway to thrive, affording Montway numerous recognitions, including receiving the Gold Stevie Award for Large Transportation Company of the Year in 2022, as well as inclusion on the Inc. 5000 List and Crain's Chicago Business Fast50, for being one of the fastest growing private businesses. Indeed, Montway grew its business to a company of 400+ people in 20 years after starting with just two founders.

12.     Montway has become synonymous with core values of integrity, service excellence, leadership, innovation, and simplicity in operations. Montway strives to provide a 5-

star vehicle shipping service, brokering the safe and prompt shipment of vehicles while offering excellent customer service. Montway provides automotive transportation services to a diverse range of clients, including individual car owners, auto dealerships, financial institutions (for vehicle repossession), rental car companies, OEMs (original equipment manufacturers), and others seeking automotive transportation solutions.

13.  Montway's stellar reputation is key to its ongoing success, and so Montway has taken great effort to ensure that it protects and builds its brand. To that end, Montway authorizes only those with positive reputations to be affiliates that can display Montway's marks in connection with Montway's business.

### Montway's Digital Marketing and Brand Recognition Investments

14.  Montway's substantial investment to secure partnerships with trustworthy affiliates is central to its efforts to build its reputation with its customers as a trustworthy and dependable source of automobile transport services.

15.  Montway's efforts to build a strong online presence—something essential in its line of business—also draw upon Montway's reputation for trustworthiness and its partnerships with trustworthy affiliates.  Montway spends hundreds of thousands of dollars each year on online advertising, search-engine optimization ("SEO"), and affiliate marketing to ensure that it continues to reach prospective clients.

16.  SEO is a particularly important tool for Montway. SEO is the practice of using various techniques to improve a website's "rank" on search engines like Google or Bing. SEO improves a website's organic web-traffic by ensuring that the website ranks highly when a user searches for information relevant to that website. For example, "Montway.com" is not only one of the first websites that Google returns when a user searches for "Montway" or "Montway Auto Transport," but also for generic searches, like "best car shipping company"

(https://www.google.com/search?q=best+car+shipping+company) or "how to ship a car to another state" (https://www.google.com/search?q=how+to+ship+a+car+to+another+state).

17.    Montway's SEO techniques have developed organically as Montway grows its business. Because Montway aims to provide reliable, trustworthy, and dependable transportation services, its website reflects those efforts. According to Google, posting "reliable and helpful" content improves a website's SEO ranking. (https://developers.google.com/search/docs/fundamentals/seo-starter-guide#make-your-site-interesting.) Accordingly, Montway's successful efforts to maintain reliable, trustworthy and dependable services translate directly through its SEO techniques to enhance its website's SEO ranking.

18.    Not coincidentally, Google measures this "trustworthiness" by measuring "backlinks." Backlinks are when links for a given website—here, "Montway.com"—appear on other websites (https://www.semrush.com/blog/what-are-backlinks/). Having high quality and quantity backlinks are associated with a high SEO ranking. Indeed, of the 20 factors that correlate with high SEO rankings, 8 of them are related to backlinks. (*See id.*)

19.    A website's SEO ranking is vital to website traffic and brand awareness. According to statistics gathered by an industry leader on SEO, Semrush.com, the first ranked website on a Google search is responsible for nearly a quarter of all website "clicks" for that given search (https://www.semrush.com/blog/seo-ranking/). And the first-ranked website generates roughly ten times more webtraffic than the tenth-ranked website:



20.     Whereas ranking highly on a search engine is crucial for generating web traffic and potential customer leads, landing on the second page of a search engine means that the website is practically invisible. Some statistics suggest that fewer than 1% of all users click on the results on the second page of Google search results. (https://protofuse.com/articles/first-page-of-google/.)

21.     Montway's substantial investment and SEO strategy have paid off, as the vast majority of Montway's individual customers first heard about Montway through some digital marketing technique.

**Nexus's Unfair Competition and Unauthorized Use**
**of the Montway Marks**

22.     Nexus is an automotive transport company and one of Montway's major direct competitors.  Roughly eight months ago, Nexus's CEO, George Arkin, decided he wanted to

launch a toxic-backlink campaign to damage Montway. To effectuate this campaign, Nexus retained an individual named Vishal Parmar, who lives and works in India as an SEO strategist for "MindInventory." A copy of Mr. Parmar's LinkedIn page is attached hereto as Exhibit 1.

23.     Mr. Parmar, at Nexus's direction, has engaged in the practice known as "toxic backlinking" of Montway's website. Whereas backlinking to strong and trustworthy websites can, as described above, boost a website's SEO ranking, toxic backlinking is the practice of using backlinks to harm a website's SEO ranking. The presence of low-quality backlinks causes search-engine algorithms to rank an otherwise trustworthy website lower than if the website were missing those backlinks. This is due, in part, to how search algorithms work. Google, for example, gathers information about a webpage within an "index," and then uses that index to return the "highest quality and most relevant" webpages in response to a given query. (https://developers.google.com/search/docs/fundamentals/how-search-works.) When backlinks to a webpage appear on spam-filled, untrustworthy websites, the backlinked webpage becomes associated with content unrelated to that page's main content. A webpage that is the victim of toxic backlinks will thus show up in the search engine's index as having a lower proportion of "relevant" content than its peers that lack such backlinks. To this end, Nexus's toxic backlink campaign against Montway has involved adding links to "Montway.com" (and other Montway subdomains) on untrustworthy websites.

24.     Another toxic-backlinking technique involves using misleading "anchor text" to link to a website. "Anchor text" is the clickable text that appears on screen when text is hyperlinked.[1] As above with spam-filled websites, using misleading anchor text as part of a toxic-

---

[1] Note that web browsers, like Google Chrome, also display the destination URL (typically in the bottom left of the screen) when a user hovers his or her cursor over anchor text.

backlink campaign confuses search-engine algorithms by associating the target webpage with different, sometimes malicious and wholly unrelated content.

25.     Toxic backlinking also violates Google's terms and conditions, as toxic backlinks may appear as "link spam," which Google defines as "the practice of creating links to or from a site primarily for the purpose of manipulating search rankings" (https://developers.google.com/search/docs/essentials/spam-policies#link-spam).     If     Google detects link spam, it can result in the website's appearing lower in the rankings or being delisted from Google entirely. (*See id.*) A toxic-backlink campaign can leverage Google's link-spam policy by creating many backlinks that have anchor text associated with frequently used search terms. These backlinks appear to Google's algorithm as "over optimized"—i.e., intentionally designed to generate clicks, thereby manipulating search rankings in violation of Google's link-spam policy. (https://www.alliai.com/seo-ranking-factors/poison-anchor-text).     One     common     approach     for creating overly optimized anchor text is to use keywords associated with purchasing decisions (e.g., "car insurance quote").     (https://aioseo.com/what-is-anchor-text-and-how-does-it-impact-seo/#aioseo-backlinks-and-money-anchors.) Keywords related to online gambling and "adult content"     are     also     frequently     used     as     anchor     text     in     a     toxic-backlink     attack. (https://www.digivate.com/blog/seo/seo-warfare-attack-defence/.)

26.     Montway actively monitors for toxic backlinks to its website. Montway observed a drastic rise in toxic backlinks beginning in April 2025. For the month of April 2025, Montway detected over 500 backlinks considered to be "toxic" because said backlinks were on untrustworthy, spam-filled websites and were not authorized by Montway.

27.     Attached hereto as Exhibit 2 is a list of toxic backlinks that Montway detected from April 2025 through October 17, 2025. During that six-month period, there were more than 2,350

instances of toxic backlinks. Some backlinks use "Montway.com" as anchor text on websites like "https://sweedishwhoresa.blogspot.com/" and "http://www.sexygirlsphotos.net/domain-list-498." Other toxic backlinks use anchor text like "buy steroids online" and "Payday loan services." This means that an individual who clicks on the link believing he or she is about to purchase steroids or secure a payday loan is then to be redirected to Montway's website, creating the false impression that Montway is connected to and/or affiliated with such services.

28.     As another example, over a five-day period, beginning October 12, 2025, over 125 toxic backlinks were made to Montway's website. As shown in Exhibit 2, the anchor text for these backlinks advertised unlawful conduct, like "illegal betting sites," "Cocaine powder online," and "unlicensed firearms." As discussed above, the unauthorized affiliation between Montway's website and unlawful activity on spam-filled, untrustworthy websites directly harms Montway's trustworthiness       and       thereby       SEO       rank. (https://developers.google.com/search/docs/fundamentals/how-search-works#serving)

29.     Nexus, through Mr. Parmar, is carrying out its toxic backlinking campaign with the intent of damaging Montway's goodwill and brand impact. Specifically, the toxic backlinks have used the Montway Marks by linking to "Montway.com" and/or using "Montway" or "Montway Auto Transport" as anchor text on untrustworthy and spam-filled websites. Likewise, Nexus has linked to Montway's website using misleading anchor text. The anchor text is literally false because it represents that the link provides goods and/or services that Montway does not offer. The toxic backlinks have caused consumer confusion by creating the impression that Montway's services are affiliated with untrustworthy, spam-filled websites and/or the service advertised therein, rather than with the trustworthy services normally associated with the Montway Marks.

30.    In the short period of time since the campaign of toxic backlinking began, Montway's SEO ranking has dropped, reducing the number of "clicks" on Montway's website and therefore potential customers. Beginning in late July 2025, Montway began seeing a noticeable decline in year-over-year ("YoY") clicks on its website. This decline coincides with when Google began updating its algorithms. As illustrated below, Montway's "YoY" declined sharply in or around September 2025, shortly after Google began to roll out its spam-algorithm update.



31.    Upon information and belief, Nexus, as part of a deliberate toxic backlinking campaign, is the party that caused the vast majority of the toxic backlinks that appear in Exhibit 2, which has resulted in a substantial likelihood of consumer confusion and a drop in Montway's SEO rank.  Montway learned about the origin of the toxic-backlink campaign after one of Nexus's former managers, Rados Stefanovic, approached Montway executives and admitted that Nexus was behind it.  Mr. Stefanovic explained that Mr. Arkin specifically asked Mr. Parmar to launch a toxic backlink campaign against Montway to damage its website. Mr. Stefanovic was present at multiple meetings with Mr. Arkin and Mr. Parmar during which toxic backlinks were discussed. Mr. Stefanovic also personally saw a document that listed the websites that Nexus used for the toxic backlinks.

32.     Upon discovering the toxic back linking campaign and the fact that Nexus was behind it, Montway's counsel wrote to Nexus on October 10, 2025, asking Nexus to cease and desist its campaign.  Montway's CEO also reached out to Mr. Arkin and asked him to stop this backlink campaign.  Nexus did not respond to Montway's letter or verbal requests to stop.  Instead, as explained above, Nexus actually increased its toxic back linking campaign, causing further harm to Montway.

33.     At all times, Nexus's deliberate backlinking campaign was carried out with the intent of causing consumer confusion tying the Montway Marks with untrustworthy and spam-filled websites, and damaging Montway's goodwill and brand impact.

### FIRST CAUSE OF ACTION

### False Advertising Under 15 U.S.C. § 1125(a)

34.     Montway repeats and re-alleges the allegations of preceding paragraphs as if fully set forth herein.

35.     Montway has marketed its services under its distinctive "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks for over eighteen (18) years and has thus acquired common law rights in, and built up a significant amount of goodwill associated with, the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks.

36.     Additionally, the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks are federally registered and inherently distinctive.

37.     Through Nexus's toxic backlinking campaign, Nexus has used the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks without Montway's authorization by placing "Montway.com" and other subdomains including the word "Montway" and/or "Montway Auto Transport" on untrustworthy and spam-filled websites.

12

38. Nexus's use of the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks in its toxic backlinking campaign has caused a likelihood of confusion, and will continue to do so, as to the origin, sponsorship, or approval of the products or services offered by Montway in violation of 15 U.S.C. § 1125(a).

39. Nexus has used the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks in commercial advertising in a way that misrepresents the nature, characteristics, qualities, or geographic origin of Montway's services and/or commercial activities.

40. Nexus has deliberately persisted in its infringing use the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks since at least October 10, 2025. Nexus's infringement and violation of 15 U.S.C. § 1125(a) is thus willful, making this an exceptional case under 15 U.S.C. § 1117.

41. Nexus, by way of its infringing use of the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks has caused and continues to cause Montway to suffer damages in an amount to be determined at trial, and has caused and is causing Montway irreparable harm in the form of at least lost market share and loss of goodwill. Montway has no adequate remedy at law against Nexus's acts, and its damages are incalculable. Unless Nexus is enjoined from using the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks, Montway will continue to suffer irreparable harm.

42. Further, Nexus's infringing use of the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks has allowed Nexus to avoid substantial business-development costs to secure market share from Montway, thereby causing Nexus to be unjustly enriched.

## SECOND CAUSE OF ACTION

**Violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 et seq)**

43.    Montway repeats and re-alleges the allegations of preceding paragraphs as if fully set forth herein.

44.    Count Three is brought pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS 510 et seq., which states § 2:

> A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:
>
> 1)  passes off goods or services as those of another;
>
> 2)  causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> 3)  causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;
>
> 4)  uses deceptive representations or designations of geographic origin in connection with goods or services;
>
> 5)  represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

45.    Montway owns trademark and trade name rights in the "MONTWAY" and "MONTWAY AUTO TRANSPORT" given Montway's use of those trademarks in connection to its services since at least July 2007.

14

46.     Through Nexus's toxic backlinking campaign, Nexus has used Montway's trademarks and trade name without Montway's authorization by placing "Montway.com" and other subdomains including the word "Montway" on untrustworthy and spam-filled websites.

47.     Nexus's use of Montway's trademarks and trade name has caused a likelihood of confusion and/or of misunderstanding as to source, sponsorship, approval or certification of goods or services, in violation of 815 ILCS 510/2 (2).

48.     Nexus's use of Montway's trademarks and trade name has caused a likelihood of confusion and/or of misunderstanding as to affiliation, connection, or association with or certification by Montway of the websites, website owners, and/or the services offered on the websites containing the toxic backlinks, in violation of 815 ILCS 510/2 (3).

49.     Nexus's use of Montway's trademarks and trade name has represented that Montway's services have a sponsorship or approval, which they do not have in violation of 815 ILCS 510/2 (5).

50.     Nexus's use of Montway's trademarks and trade name has represented that Montway's services have a sponsorship, approval, affiliation or connection with the websites, website owners, and/or the services offered on the websites containing the toxic backlinks which they do not have, in violation of 815 ILCS 510/2 (5)

51.     Nexus's toxic backlinking campaign has also disparaged Montway's services by associating Montway with untrustworthy and spam-filled websites.

52.     Since at least October 10, 2025, Nexus's unlawful conduct described in the preceding paragraphs has been willful.

53.     Nexus, by way of its unauthorized use of the Montway's trademark(s) and trade name has caused and continues to cause Montway to suffer damages in an amount to be determined

15

at trial and has caused and is causing Montway irreparable harm in the form of at least lost market share and loss of goodwill. Montway has no adequate remedy at law against Nexus's acts of infringement, and, unless Nexus is enjoined from using Montway's trademark(s) and trade name, Montway will continue to suffer irreparable harm.

54.     Nexus's conduct has allowed Nexus to capture market share relative to Montway without requiring commensurate business expenses, thereby leading Nexus to be unjustly enriched.

### THIRD CAUSE OF ACTION

**Violation of the Consumer Fraud and Deceptive Business Practices Act - 815 ILCS 505**

55.     Montway repeats and re-alleges the allegations of preceding paragraphs as if fully set forth herein.

56.     The Consumer Fraud and Deceptive Business Practices Act states in pertinent part:

*Sec. 2.* Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to…the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," …in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

57.     Since at least October 10, 2025, Nexus's unlawful conduct described in the preceding paragraphs has been intentional, deliberate, and willful. Nexus knew that they acted unlawfully when Nexus used Montway's trademark(s) and trade name without Montway's authorization and placed "Montway.com" and other subdomains including the word "Montway" on untrustworthy and spam-filled websites to create toxic backlinks.

58.     Punitive damages should be awarded in order to punish and deter the unlawful conduct alleged herein.

**FOURTH CAUSE OF ACTION**

**Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200**

59.     Montway repeats and re-alleges the allegations of proceedings paragraphs as if fully set forth herein.

60.     Cal. Bus. & Prof. Code § 17200 defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertising."

61.     As described above, Nexus has engaged in a toxic backlinking campaign to damage Montway's goodwill and, in particular, Montway's SEO rank.

62.     Nexus's toxic backlinking campaign unfairly and deceptively associates Montway and Montway's website with untrustworthy and spam-filled websites.

63.     Nexus's toxic backlinking campaign has caused Montway's SEO rank to drop throughout the United States, including in California, where Montway maintains a regular customer base.

64.     Nexus's toxic backlinking campaign has also harmed Montway's relationship with Google, a California-based company and the world's largest market share by an overwhelming margin. Nexus's toxic backlinking campaign against Montway threatens misleading Google into flagging Montway and its website for violating Google's content policies, thereby risking that Montway's website will be removed from Google entirely.

65.     Nexus, by way of its toxic backlinking campaign, has caused and continues to cause Montway to suffer damages in an amount to be determined at trial, and has caused and is causing Montway irreparable harm in the form of at least lost market share and loss of goodwill. Montway has no adequate remedy at law against Nexus, and, unless Nexus is enjoined from it toxic backlinking campaign, Montway will continue to suffer irreparable harm.

66. Nexus's conduct has allowed Nexus to capture market share relative to Montway without requiring commensurate business expenses, thereby leading Nexus to be unjustly enriched.

### FIFTH CAUSE OF ACTION

### Federal Trademark Infringement Under 15 U.S.C. § 1114(1)

67. Montway repeats and re-alleges the allegations of preceding paragraphs as if fully set forth herein.

68. Montway has marketed its services under its distinctive "MONTWAY" and "MONTWAY AUTO TRANSPORT" trademarks and trade names since at least as early as July 2007, and thus has built up a significant amount of goodwill associated with the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks.

69. Nexus has never sought or obtained the consent of Montway to use the "MONTWAY" or "MONTWAY AUTO TRANSPORT" marks, nor has Montway approved any of Nexus's use of the "MONTWAY" or "MONTWAY AUTO TRANSPORT" marks.

70. Through Nexus's toxic backlinking campaign, Nexus has used the "MONTWAY" mark without Montway's authorization by placing "Montway.com" and other subdomains including the word "Montway" on untrustworthy and spam-filled websites.

71. Nexus's use of the "MONTWAY" mark in connection with its toxic backlinking campaign is likely to cause confusion, mistake and deception, and will continue to do so, as to the source, origin, affiliation, or sponsorship, or approval by Montway of the websites, website owners, and/or the services offered on the websites containing the toxic backlinks and will injure and damage Montway and the goodwill and reputation symbolized by the "MONTWAY" mark, in violation of 15 U.S.C. § 1114.

72. Nexus's use of the "MONTWAY" mark in connection with its toxic backlinking campaign is likely to cause confusion, mistake and deception, and will continue to do so, as to the

source, origin, affiliation, or sponsorship, or approval by Montway of the websites, website owners, and/or the services offered on the websites containing the toxic backlinks and will injure and damage Montway and the goodwill and reputation symbolized by the "MONTWAY AUTO TRANSPORT" mark, in violation of 15 U.S.C. § 1114.

73.     Nexus has deliberately persisted in its infringing use of the "MONTWAY" mark despite its knowledge of Montway's rights in the "MONTWAY" mark since at least December 25, 2018 and the "MONTWAY AUTO TRANSPORT" mark since September 1, 2015.  Nexus's infringement and violation of 15 U.S.C. § 1114 is willful, making this an exceptional case under 15 U.S.C. § 1117.

74.     Nexus, by way of its infringing use of the "MONTWAY" mark has caused and continues to cause Montway to suffer damages in an amount to be determined at trial, and has caused and is causing Montway irreparable harm in the form of at least lost market share and loss of goodwill. Montway has no adequate remedy at law against Nexus's acts of infringement, and, unless Nexus is enjoined from using the "MONTWAY" mark, Montway will continue to suffer irreparable harm.

75.     Nexus's infringing use of the "MONTWAY" mark has allowed Nexus to avoid substantial business-development costs to secure market share from Montway.

76.     Nexus's use of the "MONTWAY" mark amounts to counterfeiting, thereby entitling Montway in treble damages and/or the election of statutory damages. 15 U.S.C. § 1117.

SIXTH CAUSE OF ACTION

**Dilution by Tarnishment in Violation of 15 U.S.C. § 1125(c)**

77.     Montway repeats and re-alleges the allegations of preceding paragraphs as if fully set forth herein.

78.    Montway has marketed its services under its distinctive "MONTWAY" and "MONTWAY AUTO TRANSPORT" trademarks and trade names since at least as early as July 2007, and thus has built up a significant amount of goodwill associated with the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks.

79.    Montway's "MONTWAY" and "MONTWAY AUTO TRANSPORT" trademarks and trade names are used nationwide in connection with Montway's services and are thus affiliated with the nation's top car-shipping company in the United States.

80.    Montway's "MONTWAY" and "MONTWAY AUTO TRANSPORT" trademarks and trade names qualify as "famous marks" within the meaning of 15 U.S.C. § 1125.

81.    Nexus has never sought or obtained the consent of Montway to use the "MONTWAY" or "MONTWAY AUTO TRANSPORT" marks, nor has Montway approved any of Nexus's use of the "MONTWAY" or "MONTWAY AUTO TRANSPORT" marks.

82.    Nonetheless, Nexus has repeatedly used Montway's "MONTWAY" and "MONTWAY AUTO TRANSPORT" trademarks and trade names in connection with the advertising of goods and services that are illegal and/or have a negative reputation, including, upon information and belief, "Cocaine powder," "steroids," "gambling without a license," "Payday loan services," and "unlicensed firearms." (*See* Ex. 2.)

83.    Nexus, by way of its unauthorized use of the Montway's trademark(s) and trade name has caused and continues to cause Montway to suffer damages in an amount to be determined at trial and has caused and is causing Montway irreparable harm in the form of at least lost market share, loss of goodwill, and harm to the reputation of Montway's trademarks and trade names.. Montway has no adequate remedy at law against Nexus's acts of infringement, and, unless Nexus

is enjoined from using Montway's trademark(s) and trade name, Montway will continue to suffer irreparable harm.

SEVENTH CAUSE OF ACTION

**Injunctive Relief**

84.     Montway repeats and re-alleges the allegations of preceding paragraphs as if fully set forth herein.

85.     By virtue of the foregoing, Montway has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Nexus.

86.     Unless Nexus is temporarily, preliminarily, and/or permanently enjoined from engaging in its toxic-backlinking campaign, Montway will continue to be irreparably harmed by the:

a.   Loss of market share due to the decline in SEO rank and thereby web traffic to Montway's website.

b.   Loss of customer goodwill due to the unauthorized use of Montway's trademarks and trade names.

c.   Association between the services being advertised in connection with Montway's trademarks and trade names.

87.     Present economic loss is unascertainable at this time, and future economic loss is presently incalculable.

88.     Montway is entitled to a temporary, preliminary, and permanent injunctive relief, enjoining and restraining Nexus from engaging in its toxic-backlinking campaign against Montway.

89.     A temporary restraining order is particularly necessary because, after Montway demanded to stop its toxic-backlink campaign, Nexus chose to increase the number of toxic

21

backlinks to Montway's website. Unless Nexus is immediately forced to stop, Montway faces extreme hardship and potential de-platforming from Google.

## PRAYER FOR RELIEF

WHEREFORE, Montway prays for the following relief:

a.  A judgement that Nexus's use of the "MONTWAY" and "MONTWAY AUTO TRANSPORT" marks infringes and has infringed Montway's rights in violation of 15 U.S.C. § 1114;

b.  A judgement that Nexus's use of the "MONTWAY" and "MONTWAY AUTO TRANSPORT" infringes and has infringed Montway's rights in violation of 15 U.S.C. § 1125(a);

c.  A judgment that Nexus's conduct violates the Uniform Deceptive Trade Practices Act, 815 ILCS 510;

d.  A judgment that Nexus's conduct violates the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505;

e.  A judgment that Nexus's conduct violates Cal. Bus. & Prof. Code § 17200;

f.  A temporary restraining order that prohibits Nexus and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from posting backlinks of any kind to Montway's website and/or any subdomains therein;

g.  An order preliminarily and permanently enjoining Nexus and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from using the "MONTWAY" and "MONTWAY AUTO TRANSPORT"  or any of Montway's

common law marks and trade name, or any colorable form thereof, in connection with vehicle transportation services;

h.  An order preliminarily and permanently enjoining Nexus and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from posting backlinks of any kind to Montway's website and/or any subdomains therein;

i.  An order requiring Nexus and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them to delete or remove any toxic backlinks to Montway's website and/or any subdomains therein that were created by Nexus or at its behest.

j.  An order, in accordance with 15 U.S.C. § 1116, requiring Nexus to file with this Court and serve upon Montway, within thirty (30) days after entry of the permanent injunction, a report in writing and under oath, setting forth in detail the manner and form in which Nexus has complied with the permanent injunction;

k.  An order, pursuant to 15 U.S.C. § 1118, requiring that Nexus deletes any and all electronic uses of the "MONTWAY" and "MONTWAY AUTO TRANSPORT" under Nexus's control or authorization, including on electronic information, computer files, and/or websites;

l.  An award of damages to Montway to which it is entitled under 15 U.S.C. § 1117 and/or for Nexus's past infringement and false advertising, and any continuing or future infringement and false advertising, up until the date Nexus is finally and permanently enjoined as described herein, including compensatory damages, exemplary, and/or statutory damages;

m.  An award of damages to Montway to which it is entitled under 815 ILCS 505;

n.  An award of punitive damages in an amount sufficient to punish and deter the conduct engaged in by Nexus;

o.  An award of restitution and/or other equitable monetary relief to Montway for Nexus's unjust enrichment.

p.  An award to Montway of pre- and post-judgment interest on its damages;

q.  An award to Montway of treble and/or enhanced damages under 15 U.S.C. § 1117 and any other applicable statutes or law for Defendants' willful and intentional infringement;

r.  A declaration that this case is exceptional and an award to Montway of its reasonable costs and expenses in this action, including reasonable attorneys' fees under 15 U.S.C. § 1117, and any other applicable statutes or laws, including interest; and

s.  An award to Montway of such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Montway hereby respectfully requests trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues in this action so triable.

Respectfully submitted,

/s/ Sanjay K. Murthy
Sanjay K. Murthy (ARDC 6279314)
Rocco J. Screnci (ARDC 6344037)
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000
smurthy@mcandrews-ip.com
rscrenci@mcandrews-ip.com

*Counsel for Plaintiff Montway LLC*

October 27, 2025

<u>**VERIFICATION**</u>

I, Mark Scholl, declare as follows:

1.  I am the Executive Vice President of Operations and Retail Sales for Plaintiff Montway, LLC d/b/a Montway Auto Transport ("Montway"), am a duly authorized agent for Montway, and have read the foregoing Verified Complaint for Injunctive Relief and Damages.

2.  If called on to testify, I would competently testify as to the matters stated in the Verified Complaint for Injunctive Relief and Damages

3.  I verify under penalty of perjury under the laws of the United States of America that the factual statements in the Verified Complaint for Injunctive Relief and Damages concerning Montway, Montway's actions, and the harms it has suffered and/or will suffer are true and correct. 28 U.S.C. § 1746.

Dated this 10/27/2025 day of 12:04:09 PM CDT 2025

Signed by:

*mark scholl*

9B29767C8B6243E...

Mark Scholl