IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTWAY LLC d/b/a MONTWAY AUTO TRANSPORT, <br><br> Plaintiff, <br><br> v. <br><br> NEXUS AT LLC d/b/a NEXUS AUTO TRANSPORT <br><br> Defendant. | Case No. 1:25-cv-13100 |

**DEFENDANT'S MOTION TO WITHDRAW OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Defendant, Nexus AT LLC ("Nexus"), by and through its undersigned counsel, and respectfully moves to withdraw its opposition to Plaintiff, Montway LLC's ("Montway"), motion for temporary restraining order and preliminary injunction. In support of its Motion, Nexus states the following:

1. Plaintiff filed its motion for temporary restraining order and preliminary injunction on October 28, 2025. [Dkt. 9.]

2. The Court entered a temporary restraining order (TRO) against Defendant on October 31, 2025. [Dkt. 19.]

3. Plaintiff filed a motion to allow remote testimony of a witness on November 3, 2025. [Dkt. 21.] In this motion Plaintiff claimed that the Court gave notice that the hearing on November 10, 2025, would be a hearing on the preliminary injunction. On November 5, 2025 the Court confirmed that this was untrue. [Dkt. 24.]

4. Defendant filed its opposition to Plaintiff's motion for temporary restraining order and preliminary injunction on November 5, 2025. [Dkt. 25.]

1

5. On November 10, 2025 to Court extended the TRO to November 24, 2025 and set a hearing on the preliminary injunction for the same date. [Dkt. 29.]

6. On November 21, 2025 Defendant's counsel information Plaintiff's counsel that Defendant agreed to a preliminary injunction on the same terms as the TRO. **Exhibit 1.**

7. On November 22, 2025 Defendant's counsel clarified that Defendant does not object to any of the preliminary relief requested by Plaintiff and suggested that Plaintiff propose an agreed order. *Id.*

8. On November 22, 2025 Plaintiff's counsel stated that Plaintiff intends to request undisclosed "additional expanded relief" from the Court and suggested that any agreed order must include a stipulation to liability. *Id.*

9. Plaintiff has apparently only disclosed exhibits for its remote witness, and intends to offer additional undisclosed exhibits at the November 24, 2025 hearing. *Id.*

10. Defendant now respectfully requests leave to withdraw its opposition to Plaintiff's motion for temporary restraining order and preliminary injunction.

11. Defendant hereby assents to the relief requested by Plaintiff in the brief in support of its motion [dkt. 10.]:

### IV. CONCLUSION

For these reasons, the Court should issue a temporary restraining order and preliminary injunction that enjoin Nexus from posting additional toxic backlinks.

12. With Defendant having assented to the relief requested by Plaintiff, there is no purpose for the hearing on the motion for preliminary injunction other than for Plaintiff to pursue trial by ambush on undisclosed "additional expanded" matters. Plaintiff intends to pursue

undisclosed additional expanded relief based on undisclosed exhibits. Defendant now has no notice of the issues actually in dispute at the preliminary injunction hearing.

13. Trial by ambush is an improper tactic. "Long ago, our system rejected trial by ambush, and instead, instituted the discovery process." *Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 6694904, at *4 n.5, 2018 U.S. Dist. LEXIS 224705, at *11 n.5 (N.D. Ill. Nov. 8, 2018). "The gravamen of the Federal Rules of Civil Procedure is to eliminate trial by ambush." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839 (N.D. Ill. 2021).

14. "[F]undamental rules of due process dictate that a moving party should not be afforded substantive relief beyond that which was requested, without at least some form of additional notice and an opportunity to be heard." *In re Ace Track Co., Ltd.*, 556 B.R. 887, 907–08 (Bankr. N.D. Ill. 2016).

15. To the extent Plaintiff intends to pursue additional expanded relief such as a trial or the merits or an evidentiary hearing on Defendant's compliance with the TRO, it must provide Defendant due notice and due process.

16. "A preliminary injunction is not a shortcut to the merits." *Delaware State Sportsmen's Ass'n v. Delaware Dep't of Safety & Homeland Security*, 108 F.4th 194, 202 (3d Cir. 2024). "[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.' " *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir.2005) (quotation omitted).

17. Any request for additional expanded relief will also likely require pretrial disclosures or discovery, because pretrial disclosures prevent "unfair surprise," "sandbagging," and "trial by ambush." See, e.g., *Curet-Velazquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47,

3

56 (1st Cir. 2011) (citation omitted); *Miles v. M/V Mississippi Queen,* 753 F.2d 1349, 1354 (5th Cir. 1985); *Costello v. Lungaro,* 54 F.3d 776 (6th Cir. 1995); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995); *Torres v. City of Los Angeles,* 540 F.3d 1031, 1047 superseded on other grounds, 548 F.3d 1197 (9th Cir. 2008); *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 748 F.2d 1543, 1548 (11th Cir. 1984).

18. Defendant also objects to use of the documents produced "Attorney Eyes Only" for any purpose other than for the relief requested in Plaintiff's motion for preliminary injunction, as described in the agreed Confidentiality Order. [Dkt. 41.]

19. Beyond the procedural concerns cited above, Defendant requests withdrawal of its opposition to plaintiff's motion for temporary restraining order and preliminary injunction due to the erratic behavior of Plaintiff's key witness. The witness has sent Defendant suicidal threats and has offered to withhold his testimony in exchange for guarantee of pecuniary or other benefit.

20. In light of the witness's behavior, Defendant has no desire to challenge or impede the testimony of the witness, insofar as that testimony is used only for temporary or preliminary relief.

WHEREFORE, Defendant, Nexus AT LLC, respectfully requests that this Honorable Court enter an Order:

a. Striking Defendant's opposition to Plaintiff's motion for temporary restraining order and preliminary injunction;
b. For such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

/s/ Sean M. Sharp
Sean Sharp (#6313964)
Kennedy Snyder (#6349995)

4

Atom Law Group, LLC<br>
770 N. LaSalle Dr., Suite 700<br>
Chicago, Illinois, 60654<br>
(P) 312-493-8000<br>
(F) 312-943-4984<br>
ssharp@atom.law<br>
ksnyder@atom.law

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 24, 2025.

/s/ Sean M Sharp
Sean M Sharp

# EXHIBIT 1

Case: 1:25-cv-13100 Document #: 42 Filed: 11/24/25 Page 6 of 10 PageID #:372



Sean Sharp <ssharp@atom.law>

## 1:25-cv-13100 Montway LLC v. Nexus AT LLC - Protective Order

**Sean Sharp** <ssharp@atom.law>   Sat, Nov 22, 2025 at 2:43 PM
To: "Sanjay K. Murthy" <SMurthy@mcandrews-ip.com>
Cc: "Rocco J. Screnci" <RScrenci@mcandrews-ip.com>, Kennedy Snyder <ksnyder@atom.law>, "Wanda V. Rehm" <WRehm@mcandrews-ip.com>

Hi Sanjay,

To be clear, we are offering to go beyond the TRO and we are not objecting to any of the preliminary relief you have requested. I read that as the preliminary injunctive relief in paragraphs g and h of your complaint. I don't read paragraph i as requesting preliminary relief, but if you want to propose an order that includes that language I can consider it. Beyond that, I believe a stipulation on liability would be improper at this stage, so I don't think we are going to have agreement on that.

Regards,
Sean



**Sean Sharp** | Attorney | ssharp@atom.law
770 North LaSalle Street, Suite 700, Chicago, IL 60654
p: 312 943 8000   f: 312 943 4984   www.atom.law

This communication is for the exclusive use of the addressee and may contain information that is privileged and/or confidential. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution of the information is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication, and destroy all copies. Furthermore, while this communication is believed to be free of viruses and other defects, it is your responsibility to ensure that it is free from viruses and other defects as Atom Law Group takes no responsibility for any loss or damage resulting in any way from its use. Thank you.

On Sat, Nov 22, 2025 at 11:03 AM Sanjay K. Murthy <SMurthy@mcandrews-ip.com> wrote:

> Dear Sean,
>
> While we appreciate your client's willingness to continue the TRO, however, we do not believe that the TRO was actually complied with. As a result, we intend on moving forward with this hearing and further requesting additional, expanded relief from the Court. That said, if your client is interested in stipulating to liability for creating these back links and actually doing something to have them removed, that might be a conversation worth having. I would allow your client to reserve its arguments on lack of economic harm, damages, and the legal theories raised in your motion to dismiss. If that is of interest to you, then please let me know.
>
> Very best,
>
> Sanjay



**Sanjay K. Murthy**
**Shareholder**

McAndrews, Held & Malloy, Ltd.
500 W. Madison St., 34th Floor | Chicago, IL 60661
P: 312-775-8065    M: 773-780-9700
SMurthy@mcandrews-ip.com
website

CONFIDENTIALITY NOTICE:
This material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then deleting it from your system. Your cooperation is appreciated.

---

**From:** Sean Sharp <ssharp@atom.law>
**Sent:** Friday, November 21, 2025 8:13 PM
**To:** Rocco J. Screnci <RScrenci@mcandrews-ip.com>
**Cc:** Kennedy Snyder <ksnyder@atom.law>; Sanjay K. Murthy <SMurthy@mcandrews-ip.com>; Wanda V. Rehm <WRehm@mcandrews-ip.com>
**Subject:** Re: 1:25-cv-13100 Montway LLC v. Nexus AT LLC - Protective Order

**CAUTION: External Email**

Counsel:

In lieu of going forward with the hearing on Monday, my client has agreed to enter a preliminary injunction on the same terms as the TRO. If you'd like to send over a draft order please let me know. I'll be happy to discuss over the weekend. My direct line is 312-268-2045.

Regards,



**Sean Sharp** | Attorney | ssharp@atom.law
770 North LaSalle Street, Suite 700, Chicago, IL 60654
p: 312 943 8000    f: 312 943 4984    www.atom.law

This communication is for the exclusive use of the addressee and may contain information that is privileged and/or confidential. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution of the information is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication, and destroy all copies. Furthermore, while this communication is believed to be free of viruses and other defects, it is your responsibility to ensure that it is free from viruses and other defects as Atom Law Group takes no responsibility for any loss or damage resulting in any way from its use. Thank you.

On Thu, Nov 20, 2025 at 2:34 PM Sean Sharp <ssharp@atom.law> wrote:

> Hi Rocco,
>
> I agree to the motion and I agree to accept confidential info for the hearing as AEO in accordance with the order.

I was thinking to get all exhibits exchanged by end of day tomorrow but let me get back to you on that.

Also - based events that transpired yesterday we intend to call Srdjan Jankovic to testify from Serbia.

Regards,



**Sean Sharp** | Attorney | ssharp@atom.law
770 North LaSalle Street, Suite 700, Chicago, IL 60654
p: 312 943 8000   f: 312 943 4984   www.atom.law

This communication is for the exclusive use of the addressee and may contain information that is privileged and/or confidential. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution of the information is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication, and destroy all copies. Furthermore, while this communication is believed to be free of viruses and other defects, it is your responsibility to ensure that it is free from viruses and other defects as Atom Law Group takes no responsibility for any loss or damage resulting in any way from its use. Thank you.

On Thu, Nov 20, 2025 at 1:14 PM Rocco J. Screnci <RScrenci@mcandrews-ip.com> wrote:

> Counsel:
>
> I am writing as a follow up to two matters discussed during yesterday's hearing in the above matter.
>
> First, as discussed, Montway plans to introduce evidence containing commercially sensitive information. While we plan to present a redacted document during Monday's hearing, we will gladly share the unredacted document with you once the appropriate confidentiality precautions are in place. To that end, attached are redline and clean versions of the Northern District of Illinois Model Confidentiality Order with Montway's proposed revisions. Please let me know if we can add your signature and file the attached as an "agreed motion." Otherwise, we will plan to file the not-fully-agreed version of the attached with only our signature.
>
> Second, per Judge Kennelly's comments during yesterday's hearing, Montway proposes that the parties exchange exhibits no later than Sunday (11/23/25) at 6 PM Central. Further, it is our understanding that the exchange of exhibits is to facilitate easier cross examination of remote witnesses. As a result, we understand that the parties need only exchange exhibits intended to be used with remote witnesses. Please let us know if you disagree.
>
> Kind regards,
>
> Rocco



**Rocco Screnci**
**Attorney**

McAndrews, Held & Malloy, Ltd.
500 W. Madison St., 34th Floor | Chicago, IL 60661

P: 312-775-8000

RScrenci@mcandrews-ip.com
bio | v-card | website

CONFIDENTIALITY NOTICE:
This material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then deleting it from your system. Your cooperation is appreciated.